**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
MALACCA CORP.,                )
                              )
          Plaintiff,          )
                              )
     v.                       )   Civil Action No. 04-555 (EGS)
                              )
TRAVELERS INDEMNITY COMPANY   )
                              )
          Defendant.          )
                              )
```

**ORDER**

This case arises from a grease fire that closed plaintiff's restaurant, Penang Restaurant, from November 25, 2002 to March 17, 2003. Plaintiff claims the property damage and business losses totaled $506,633.48. Defendant, Travelers Insurance Company, responds that plaintiff is only entitled to compensation for two weeks of the time the restaurant was closed because plaintiff failed to resume operations as quickly as possible, as required by the insurance contract. Defendant compensated plaintiff for $5272.00. Believing it is entitled to recovery for all of its losses, plaintiff filed this lawsuit. Count I of the complaint alleges breach of contract of insurance and count II alleges bad faith denial of plaintiff's claim. Pending before the Court is defendant's Motion for Partial Summary Judgment on the first count and Summary Judgment on the second count.[1]  For

---

[1] Defendant also seeks summary judgment that Malacca is not entitled to attorney's fees. The Court will reserve judgment on attorney's fees until the conclusion of this case.

the reasons set forth below, defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

On the breach of contract claim, the Court is not persuaded that no genuine issue of material fact exists.  The insurance policy provided that defendant would "pay based on the length of time it would have taken to resume 'operations' as quickly as possible."  Def. Ex. 2 at 34.  Defendant is correct that if a contract does not specify a time for performance, "the law implies a reasonable time."  *DSP Venture Group, Inc. v. Allen*, 830 A.2d 850, 852-53 (D.C. 2003).

Defendant, however, provides the Court with no legal authority for its conclusion that two weeks is the outer limit of a reasonable business interruption.  Rather, the defendant sets forth factual information that actual repairs only required eight days.  Plaintiff counters that the four month delay was due to a dispute with its landlord, who is not a party to this lawsuit, over the scope of necessary repairs.  This dispute, plaintiff argues, is a reasonable business interruption and, therefore, plaintiffs argue they are entitled to compensation for the entire four months for which the restaurant was closed.  The question of whether plaintiff's dispute with its landlord was a "reasonable" delay is a quintessential question of fact.  *See Bise's Supermarket, Inc. v. Valley Forge Ins. Co.,* 363 N.E.2d 186, 187 (Ill. 1977)(holding that the length of a business interruption is

a question for the jury).  Therefore, summary judgment is inappropriate on these grounds.

Defendant next argues that it has a complete defense to any damages resulting from the delay caused by plaintiff's dispute with its landlord because plaintiff destroyed defendant's subrogation claim when plaintiff and the landlord reached a settlement agreement.  This defense is only available, however, when a subrogation claim is destroyed *after* the loss.  *Miller v. St. Paul Insurance Co.*, 203 A.2d 923, 924 (D.C. App. 1964).  In this case, the settlement did not destroy defendant's subrogation rights because plaintiff's lease, which was signed after the insurance agreement and prior to the loss, included a waiver of plaintiff's right of recovery against the landlord.  Retail Lease Agreement at ¶ 13.2(b), Def. Ex. 1 at 23 ("All such insurance shall . . . (3) contain an endorsement that such policy shall remain in full force and effect notwithstanding that the insured may have waived its right of action against any party, prior to the occurrence of such a loss (Tenant hereby waiving its right of action and recovery against and releasing Landlord . . . from any and all liabilities, claims and losses for which they may otherwise be liable to the extent the Tenant is covered by insurance carried . . . under this lease); (4) provide that the insurer thereunder waives all right of recovery by way of subrogation against landlord . . . in connection with any loss or

damage covered by such policy; (5) be acceptable in form and content to the landlord.").

When plaintiff signed the lease, therefore, it waived its right to recover losses from the landlord.  As a result, the landlord acquired a complete defense against any claim brought by defendant.  A subrogated insurer takes nothing by subrogation but the rights of the insured.  *Federal Ins. Co. v. Plaza Drugs*, 333 F. Supp. 1305, 1307 (D.D.C. 1971) ("Release of the tortfeasor by the insured before payment by the insurer is a complete defense to an action on the insurance policy by the insured because that release bars the insurer from exercising its right of subrogation under the insurance contract."); *Aetna Cas. & Sur. Co. v. Windsor*, 353 A.2d. 684, 685-86 (D.C. 1976).  In sum, because plaintiff waived its right to recover from its landlord before the loss occurred, defendant has no subrogation rights against the landlord.

Because defendant does not have a defense on subrogation grounds, there remains a genuine issue of material fact as to what was a "reasonable" period of interruption of plaintiff's business operations.  Thus, defendant is not entitled to summary judgment on Count I.

Plaintiff's second count, however, cannot survive summary judgment.  Defendant argues that the District of Columbia does not recognize a tort for bad faith refusal to pay an insurance

4

claim.  The District of Columbia does recognize, however, a duty to act in good faith and fair dealing.  *American Registry of Pathology v. Ohio Casualty Ins. Co.*, 401 F. Supp. 2d 75, 79 (D.D.C. 2005).

Regardless of how plaintiff's claim is characterized, however, plaintiff has failed to demonstrate that defendant's actions rise to the level of a tortious act.  "The mere allegation that an insurer breached the duty of good faith and fair dealing does not automatically entitle a litigant to submit the issue to a jury for determination. . . Until the facts. . . have established what might reasonably be conceived as tortious conduct on the part of the insurer, the legal gate to submission of the issue to the jury remains closed."  *American Nat'l Red Cross v. Travelers Indemnity Co. of Rhode Island*, 924 F. Supp. 304, 308 (D.D.C. 1996).  In its opposition to defendant's motion, plaintiff points to no facts that would support its claim that defendant breached its duty to act in good faith.  Rather, plaintiff merely states, "[T]he factual record in this case, viewed in the light most favorable to Plaintiff, supports a finding that Defendant knew it did not have a reasonable basis for refusing to pay the Business Income claim or recklessly disregarded its lack of such a basis."  Plaintiff's Opposition at 31.  Plaintiff has provided the Court with no evidence in support of this statement.  Absent a showing of evidence for either a

denial of a claim in bad faith or a breach of a duty to act in good faith, defendant is entitled to summary judgment. Therefore, defendant's Motion for Summary Judgment is granted as to count II of plaintiff's complaint.

Accordingly, it is hereby **ORDERED** that defendant's Motion for Partial Summary Judgment is **GRANTED IN PART and DENIED IN PART**; and it is

**FURTHER ORDERED** that count II of plaintiff's complaint is **DISMISSED WITH PREJUDICE;** and it is

**FURTHER ORDERED** that a Status Conference is scheduled for Tuesday, April 11, 2006 at 11:30 a.m. in Courtroom 24A Courtroom 24A of the William B. Bryant Annex of the U.S. District Courthouse.

**SO ORDERED.**

**Signed by:      EMMET G. SULLIVAN**
**                UNITED STATES DISTRICT JUDGE**
**                March 23, 2006**